J-A21042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIX ALVAREZ, | |
| Appellant | No. 336 EDA 2015 |

Appeal from the PCRA Order entered December 12, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0004764-2007

BEFORE:  ALLEN, MUNDY, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED JULY 17, 2015**

Felix Alvarez ("Appellant") appeals *pro se* from the order denying as untimely his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> Appellant was charged with Criminal Homicide and related offenses stemming from a shooting outside of a nightclub on June 25, 2006.  On November 9, 2009, Appellant was convicted of Murder in the Third Degree and other offenses.  On December 23, 2009, he was sentenced to [an aggregate term of] not less than 28 nor more than 60 years in a state correctional institute.
>
> A direct appeal was taken to the Pennsylvania Superior Court, which affirmed the conviction on April 1, 2011.  The judgment of sentence became final on May 1, 2011, when Appellant failed to file a petition for allocatur.

*Former Justice specially assigned to Superior Court.

On February 6, 2012, Appellant filed a *pro se* PCRA. He was given court-appointed counsel and a PCRA hearing was conducted on June 5, 2012 before the undersigned. Several witnesses were called at that time who testified about various issues. On October 2, 2012, the Court denied the PCRA claims. Appellant filed a counseled appeal to the Superior Court which was subsequently denied on November 8, 2013. Appellant petitioned for allocatur with the Pennsylvania Supreme Court. That petition was denied on May 29, 2014.

On September 18, 2014, Appellant filed a *pro se* Application for Relief. That filing was dismissed on Appellant's failure to comply with procedural requirements after being provided notice of the deficiencies in his filing.

On November 20, 2014, Appellant again filed a *pro se* Application for Relief, this time complying with all filing requirements. However, because any request for relief once a judgment of sentence becomes final must be treated as a PCRA petition, the Court treated that filing as a second PCRA. On November 24, 2014, the Court entered an order with a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a timely response, but failed to explain how he met any exception to the timeliness requirements of the PCRA. Accordingly, the Court dismissed the PCRA [petition] on December 12, 2014.

PCRA Court Opinion, 1/28/15, at 2-3 (unnumbered). This timely *pro se* appeal followed. Both Appellant and the PCRA Court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the

findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that Appellant's petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized."

*Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on May 1, 2011, after the thirty-day period for filing an allowance of appeal to the Pennsylvania Supreme Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file the PCRA petition at issue by May 1, 2012, in order for it to be timely. As Appellant filed his petition on November 20, 2014, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Indeed, within his *pro se* filings, Appellant has not proffered the

applicability of any time-bar exception.[1]  Instead, Appellant asserts that a question regarding the legality of his sentence can be raised at any time. Appellant's analysis is incomplete; "though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

In light of the foregoing, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2015

_____

[1] Within his reply brief, Appellant attempts to assert the "governmental interference" exception.  Because he did not raise this claim in his second PCRA petition, however, we need not consider it further.  *Burton*, *supra*.